```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                Criminal No.  10-cr-80-03-SM

Ashley Scala

**O R D E R**

The defendant appeared for a bail revocation hearing on July 21, 2011.  The allegations in support of the claimed bail violations are more fully stated in the Report of Bail Violation filed on July 20, 2011.  Based on the alleged violations, the government requested detention.

A request to revoke bail is governed by 18 U.S.C. § 3148, which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is-
>
> > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> >
> > (B) clear and convincing evidence that the person has violated any other condition of release; and

    (2) finds that--

        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

        (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148 (b)(1)-(2). The government has the initial burden to establish the violation under 18 U.S.C. § 3148 (b)(1). In order to satisfy the probable cause requirement of § 3148 (b)(1)(A), the facts available to the judicial officer must "'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990)(citations omitted).

    If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2). Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of

section 3148 (b)(2)(A) or (B). <u>Aron</u>, 904 F.2d at 224; <u>United States v. Poinsett</u>, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

In this case, the defendant stipulated to the bail violation and proceeded to the issue of conditions of release. The government called U.S. Probation Officer Kristin Cook, who testified as to the defendant's alcohol use consistent with the facts outlined in the Report of Bail Violation. In addition, Officer Cook noted that the Intensive Outpatient Substance Abuse Program in Portsmouth Hospital would not readmit the defendant, that there was no comparable program available in New Hampshire, that inpatient substance abuse treatment was not available due to the defendant's eating disorder, and that her parents were no longer willing to serve as third-party custodians. The defendant countered by arguing for additional conditions of release, such as a curfew, house arrest, a no driving condition, daily AA meetings, electronic and alcohol monitoring, and an intensive outpatient substance abuse program. Very significantly, however, the defendant has not been accepted into any specific intensive outpatient program on this date and she could present no viable treatment program option at the hearing.

3

     For the reasons stated on the record, it is apparent that the defendant's use of alcohol since late May or early June of this year, and her resulting erratic behavior, presently render her a danger to herself and the community.  In addition, at a minimum it is clear that any conditions of release must include intensive substance abuse counseling.  In fact, just two weeks ago, while admitted to the Portsmouth Hospital program in which she participated in treatment four days a week for four hours each session, the defendant continued to consume alcohol on a daily basis, drive while intoxicated, injure herself, and place herself and others at risk.  Given the defendant's recent struggles while regularly attending a very intensive substance abuse program, there is no reason to believe she can or would militate her destructive behavior if released without being enrolled in an intensive treatment program.  Thus, the court cannot consider releasing her on any conditions unless they include the immediate participation in an intensive outpatient substance abuse program for which she has been approved entrance. As there is no such program in place on this date, and based on her conduct since June, the court believes it cannot presently

set conditions that will assure the defendant is not a danger to the community or herself.  Thus, she will be detained at this time pending sentencing in this case.

As stated at the hearing, if counsel can secure the defendant's entry into an intensive outpatient substance abuse program as well as present a realistic plan for her transportation to that program and to the other various treatment programs in which she is participating, the court would entertain a motion for bail pending sentencing that would include these and the various other terms listed above.  The undersigned judge shall retain jurisdiction over any such future request.

Therefore, for the reasons stated above, the conditions of release are revoked.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.  Because the defendant has a propensity for dangerously low potassium levels, the court recommends the pretrial incarceration facility monitor her potassium levels to the extent it has the ability to do so.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

5

pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

                                           /s/ Daniel J. Lynch
                                           Daniel J. Lynch
                                           United States Magistrate Judge

Date:   July 22, 2011

cc:     Jennifer C. Davis, AUSA
        Patrick J. Richard, Esq.
        U.S. Marshal
        U.S. Probation